J-S43009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| REYNALDO ADOLFO SUAREZ | |
| Appellant | No. 1943 MDA 2015 |

Appeal from the PCRA Order October 16, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0004549-2009

BEFORE: GANTMAN, P.J., PANELLA, J., and JENKINS, J.

JUDGMENT ORDER BY GANTMAN, P.J.:              **FILED JUNE 23, 2016**

Appellant, Reynaldo Adolfo Suarez, appeals from the order entered in the Berks County Court of Common Pleas, which denied his second petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. On April 22, 2010, a jury convicted Appellant of various drug and firearm offenses. The court sentenced Appellant on June 18, 2010, to an aggregate term of 6-15 years' imprisonment. Appellant's sentence included mandatory minimums per 18 Pa.C.S.A. § 7508, based on the weight of the drugs seized, and 42 Pa.C.S.A. § 9712.1, based on the close proximity between the firearms and the drugs. This Court affirmed on December 2, 2011, and Appellant did not seek further review with our Supreme Court. **See Commonwealth v. Suarez**, 40 A.3d 182 (Pa.Super. 2011).

On November 30, 2012, Appellant timely filed his first PCRA petition

with the aid of counsel. On December 4, 2012, Appellant filed a *pro se* PCRA petition and asked to proceed *pro se*. The court allowed Appellant to proceed *pro se* and held a PCRA hearing on April 3, 2013. The court denied relief on October 21, 2013. On appeal, this Court vacated and remanded the case due to the PCRA court's failure to conduct a **Grazier** colloquy before it permitted Appellant to proceed *pro se*. **See Commonwealth v. Suarez**, 105 A.3d 803 (Pa.Super. 2014). On October 9, 2014, the PCRA court held a **Grazier** hearing and granted Appellant's request to proceed *pro se*. The PCRA court again denied relief on April 28, 2015. This Court affirmed on June 30, 2015, and Appellant did not seek further review with our Supreme Court. **See Commonwealth v. Suarez**, 122 A.3d 1149 (Pa.Super. 2015). On July 9, 2015, Appellant filed the current *pro se* PCRA petition. The PCRA court issued Rule 907 notice on July 29, 2015. Appellant filed a response; however, the court dismissed Appellant's petition as untimely on October 16, 2015. On November 2, 2015, Appellant timely filed a *pro se* notice of appeal. The PCRA court ordered Appellant to file a Rule 1925(b) statement, and Appellant timely complied.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A § 9545(b)(1). A judgment is deemed final at

the conclusion of direct review or at the expiration of time for seeking review.  42 Pa.C.S.A. § 9545(b)(3).  The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused.  42 Pa.C.S.A. § 9545(b)(1). A petitioner asserting a timeliness exception must file a petition within sixty days of the date the claim could have been presented.  42 Pa.C.S.A. § 9545(b)(2).  When asserting the newly created constitutional right exception under Section 9545(b)(1)(iii), "a petitioner must prove that there is a 'new' constitutional right and that the right 'has been held' by that court to apply retroactively."  *Commonwealth v. Chambers*, 35 A.3d 34, 41 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012).

Instantly, Appellant's judgment of sentence became final on or about January 1, 2012.  Appellant filed his current petition on July 9, 2015, more than three years later; thus, the petition is patently untimely.  *See* 42 Pa.C.S.A. § 9545(b)(1).  Appellant attempts to invoke Section 9545(b)(1)(iii), contending his sentence is unconstitutional pursuant to the United States Supreme Court's decision in *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed 314 (2013) (decided 6/17/13) (holding any fact increasing mandatory minimum sentence for crime is considered element of crime to be submitted to fact-finder and found beyond reasonable doubt).  *Alleyne*, however, does not qualify as a timeliness exception under Section 9545(b)(1)(iii).  *Commonwealth v. Miller*, 102

A.3d 988 (Pa.Super. 2014). Additionally, even if **Alleyne** applied retroactively, Appellant failed to file his current petition within sixty days of the **Alleyne** decision or seek to amend his pending first PCRA petition to request relief per **Alleyne**. **See** 42 Pa.C.S.A. § 9545(b)(2). Accordingly, the PCRA court properly denied Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2016